UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK BORN, KATHLEEN BORN,
and MARK BORN as next friend of
SAB, a minor child,

    Plaintiffs,

v.                                          Case No. 8:04-cv–2453-T-27TBM

PINE RIDGE AT LAKE TARPON
VILLAGE I CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiffs' Motion to Strike Defendant's Disclosure of Expert Witness and to Exclude Expert Testimony** (Doc. 15). By their motion, Plaintiffs seek an Order striking Defendant's expert witness disclosure for failure to comply with Fed. R. Civ. P. 26(a)(2). In particular, Plaintiffs allege that while Defendant's disclosure was timely, it was deficient because it contained only the names and addresses of expert witnesses. Defendant responds by supplementing its expert witness disclosure (Doc. 16) and explaining that, in light of the upcoming mediation conference on October 20, 2005, experts have not yet been deposed and no expert reports have been completed (Doc. 17). Defendant represents that it has agreed to provide Plaintiffs with its expert reports within ten (10) days of the mediation if the mediation is not successful.[1]

---

[1] Defendant also represents that as of September 27, 2005, the parties have agree to extend the discovery cut-off [from October 21, 2005] to February 2006.

Upon consideration and accepting Defendant's representations as accurate, I conclude that there is no demonstration of sufficient prejudice made by Plaintiffs to warrant the severe sanction of striking Defendant's expert disclosure and precluding expert testimony at trial.  Accordingly, it is **ORDERED** that Plaintiffs' motion (Doc. 15) is **DENIED.** However, should the mediation prove unsuccessful, Defendant shall comply with its representation above.

**Done and Ordered** in Tampa, Florida, this 30th day September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record